Filed 8/29/16  P. v. Huber CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>GARY ALLEN HUBER,<br><br>        Defendant and Appellant. | C081318<br><br>(Super. Ct. No. CRF15-600) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On November 15, 2015, when asked by a law enforcement officer to identify himself during a traffic stop, defendant Gary Allen Huber gave someone else's name and birth date.  A search of defendant's belongings revealed his actual name.  Defendant subsequently pleaded no contest to attempted false personation.  (Pen. Code, §§ 664/529, subd. (a)(3).)

In exchange for defendant's plea, the People agreed to continue judgment and sentencing for six months to allow defendant to complete a residential treatment program. Defendant acknowledged he had one opportunity to complete the program and if he failed to do so, he would be sentenced to 18 months in state prison.

Defendant failed to complete the residential treatment program. Defendant moved the court to reduce his conviction to a misdemeanor. The court denied defendant's motion and sentenced him to 18 months in state prison. The trial court ordered defendant to pay various fines and fees and awarded him 120 days of custody credit.

Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/_____
Blease, Acting P. J.

We concur:


/s/_____
Robie, J.


/s/_____
Mauro, J.


2